UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BENCO CONSTRUCTION SERVICES , INC. | * | CIVIL ACTION NO. 09-cv-286 |
| VERSUS | * | JUDGE FRANK J. POLOZOLA |
| | * | |
| AJ'S CONSTRUCTION, LLC, | * | |
| ARCHIE COLEMAN,  JAMES LUNEAU, | * | MAGISTRATE JUDGE CHRISTINE |
| JIMBO'S CONSTRUCTION LLC, | | NOLAND |
| ADC CONSTRUCTION LLC. | * | |

\*      \*      \*      \*      \*      \*      \*      \*

---

## WRITTEN REASONS FOR JUDGMENT

On February 10, 2010,  Benco Construction Services, Inc.'s  motion for entry of a default judgment against defendant, James Luneau was heard before the Court.  After a review of the evidence submitted by Benco Construction Services, Inc. (hereinafter, "Benco"), the memorandum of law submitted by Benco and the oral argument presented by Benco's counsel, it is this Court's ruling that Benco's motion for entry of default be granted for the following reasons:

## WRITTEN REASONS

On May 11, 2009, Benco filed its complaint against AJ's Construction, LLC (hereinafter, "AJ's") Archie Coleman, James Luneau, ADC Construction LLC (hereinafter, "ADC") and Jimbo's Construction LLC (hereinafter, "Jimbo's"), in order to enforce a state court judgment of $224,511.25 it had obtained against AJ's (hereinafter, "Complaint") on the theory that Archie Coleman, James Luneau, ADC and Jimbo's were the alter-egos of AJ's.  All named defendants were properly served with the summons and Complaint.  Specifically, regarding James Luneau, the summons and Complaint was served at his place of domicile on a person of suitable age and discretion on August 14, 2009.  On October 13, 2009, after no answer or response to the Complaint had been filed by James Luneau, or any of the named defendants, Benco moved for an entry of default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.  On October 14, 2009, the Clerk's Entry of Default was granted against James Luneau by the Clerk of Court for the United States District Court for the Middle District of Louisiana.  No answer or any other appearance has been made by James Luneau since the entry of default.  Subsequently, Archie Coleman personally declared bankruptcy and was dismissed by Benco from this case.  ADC and Jimbo's were also dismissed by Benco and James Luneau is the only remaining defendant in this lawsuit.

This court considered the following factors in deciding to grant Benco's motion for default judgment: whether the defaulting party's failure to plead is technical, de minimus, dilatory, or in bad faith; the possibility of prejudice to the plaintiff; the merits of the plaintiff's substantive claim; the sufficiency of the complaint; the sum at stake; and whether the default was caused by excusable neglect. Further, this Court applied Rule 55(b)(2) and exercised sound discretion in determining that Benco's motion for default judgment be granted.

**AJ's members are personally liable for AJ's debts**

"Under Louisiana law, the corporate veil may be pierced under the "alter ego" doctrine, where the corporate entity is disregarded to such an extent that the affairs of the corporation are indistinguishable from the affairs of the officer or director." Tubos de Acero de Mexico, SA v. Am. Int'l Investment Corp., 292 F.3d 471, 478 (5th Cir. 2002). The factors used to determine whether veil should be pierced include: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings. These factors comprise the analogous principal of the "alter ego theory". Town of Haynesville, Inc. v. Entergy Corp., 42,019 (La. App. 2 Cir. 05/02/07) 956 So. 2d 192, 198. Limited liability companies are treated in the same way as corporations regarding this theory of liability to hold the members behind the LLC liable when these same factors are met. Hollowell v. Orleans Reg'l Hosp., LLC, 217 F.3d 379 n. 7 (5th Cir. 2000). Louisiana courts will apply the totality of the circumstances test in determining whether a cause of action to pierce the corporate veil under the alter ego theory exists. Id., citing Pine Tree Assocs. V. Doctors' Assocs., Inc., 94-1193 (La. App. 1 Cir. 04/07/95) 654 So.2d 735, 739.

In reviewing the evidence submitted by Benco this Court finds that AJ's two members, James Luneau and Archie Coleman, commingled AJ's funds with their own personal funds to the extent that AJ's members cannot rely on the limited liability protection of AJ's. Enough evidence of commingling was presented that James Luneau be held liable for AJ's debts.

In addition, AJ's did not follow any formalities in transacting its business affairs. The evidence submitted showed that AJ's had no office, no bookkeeper, and formalities of the business

went solely through James Luneau and Archie Coleman. AJ's did not have a separate phone number, its own website, letterhead or any sort of advertisement of its business as its own entity separate from that of James Luneau and Archie Coleman.  AJ's did not have member meetings.  AJ's did not file annual reports with the Louisiana Secretary of State.

Also, AJ's was undercapitalized.  James Luneau and Archie Coleman contributed similar small amounts of money to AJ's, with nothing else added to increase capital. The company consisted of basically no assets.  James and Archie spent a large amount of AJ's money even during months that AJ's was not working on any construction jobs and enough evidence of undercapitalization was presented to hold James Luneau  liable for AJ's debts.

In addition, the evidence submitted showed that normal accounting practices were not followed by AJ's.  There were no balance sheets or profit and loss statements prepared by AJ's. AJ's did not submit receipts for reimbursement of James and Archie Coleman's personal expenses. AJ's had no office, no bookkeeper, and formalities of the business went solely through James Luneau and Archie Coleman.  Both James Luneau and Archie Coleman made ATM withdrawals for personal use.  AJ's could not account for what could and could not be considered business expenses. The evidence of this lack of accounting practices followed by AJ's also weighed in this Court's decision of holding James Luneau liable for AJ's debt.

There are other factors present that add further support to hold James Luneau liable individually for AJ's debts.  AJ's did not have a general contracting license.  AJ's had very few permanent employees; the workers on the Project came from another company.  AJ's did not have a separate phone number, its own website, letterhead or any sort of advertisement of its business as its own entity separate from that of James Luneau and Archie Coleman.

Under a totality of the circumstances analysis this Court concludes that AJ's was nothing more than the alter ego of its members and therefore its members are personally liable for AJ's debts and obligations. Specifically this court concludes that James Luneau is personally liable for Benco's state court judgment against AJ's.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BENCO CONSTRUCTION SERVICES,
INC.

VERSUS

AJ'S CONSTRUCTION, LLC.,
ET AL

CIVIL ACTION

NUMBER 09-286-FJP-CN

### JUDGMENT

For the reasons outlined and more fully discussed in plaintiff's memorandum in support of its motion for judgment by default (which this Court adopts);

IT IS ORDERED that plaintiff Benco Construction Services, Inc.'s motion for judgment by default is granted.

IT IS FURTHER ORDERED that AJ's member, James Luneau, is liable for AJ's debts and obligations as AJ's is an alter ego of its members.

IT IS FURTHER ORDERED that plaintiff Benco Construction Services, Inc. has a valid and enforceable final judgment against James Luneau in the amount of $224,511.25, plus legal interest from date due.

Baton Rouge, Louisiana, March ___1___, 2010.

_____
FRANK J. POLOZOLA
UNITED STATES DISTRICT JUDGE

Doc#46624